MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
Wall Street Plaza
88 Pine Street, 21st Floor
New York, NY 10005
(212) 376-6400
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
ZURICH AMERICAN INSURANCE COMPANY,
as subrogee of EISENMANN INC.,                                    Docket No.

                                            Plaintiff,            **COMPLAINT**

        -against-

M.V. CGM HOMERE, *in rem* and BLUE ANCHOR
AMERICA LINE, *in personam*,

                                            Defendants.
---------------------------------------------------------------------x

      Plaintiff, by its attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, as and for its Complaint herein, hereby states as follows:

      <u>First</u>:    All and singular the following premises are true and constitute admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

      <u>Second</u>:    At and during all the times hereinafter mentioned, plaintiff had and now has the legal status and its principal office and place of business as set forth in Schedule A, hereto annexed, and by this reference made a part hereof.

      <u>Third</u>:    At and during all the times hereinafter mentioned, the *in personam* defendant, Blue Anchor America Line Ltd. Pte had and now has the legal status and office and place of business stated in Schedule A was and now is engaged in business as a common carrier of merchandise by water for hire, and owned, operated, managed, chartered and/or otherwise controlled the vessel above named as a common carrier of merchandise by water for hire. The bill of lading contract of carriage issued by Blue Anchor America

provides that suit shall be brought in respect of any disputes thereunder in the United States District Court for the Southern District of New York.

Fourth: At and during all the times hereinafter mentioned, the *in rem* defendant, M.V. CMA CGM HOMERE was and now is a general ship employed in the common carriage of merchandise by water for hire and now are, or will be during the pendency of this action, within this District and within the jurisdiction of this Honorable Court.

Fifth: On or about the date at the port of shipment stated in Schedule A, there was shipped by the shipper therein named and delivered to defendant and the said vessels, as common carriers, the shipment described in Schedule A then being in good condition and defendant and the said vessels then and there accepted said shipment so shipped and delivered to them and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipments to the port of destination stated in Schedule A and there deliver the same in like good order and condition as when shipped, delivered to and received by them, to the consignee named in Schedule A.

Sixth: Thereafter, said vessel arrived at the port of destination, where it and defendant made delivery of the shipment, but not in like good order and condition as when shipped, delivered to and received by them, but on the contrary, seriously injured and impaired in value by reason of the matter and things stated in Schedule A, all in violation of defendants' and the said vessel's obligations and duties as common carriers of merchandise by water for hire.

Seventh: Plaintiff was the subrogated underwriter of the shipper, consignee or owner of the shipment described in Schedule A and brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interest may ultimately appear and plaintiff is entitled to maintain this action.

Eighth: By reason of the premises, plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the aggregate sum of $35,155.31.

provides that suit shall be brought in respect of any disputes thereunder in the United States District Court for the Southern District of New York.

Fourth: At and during all the times hereinafter mentioned, the *in rem* defendant, M.V. CMA CGM HOMERE was and now is a general ship employed in the common carriage of merchandise by water for hire and now are, or will be during the pendency of this action, within this District and within the jurisdiction of this Honorable Court.

Fifth: On or about the date at the port of shipment stated in Schedule A, there was shipped by the shipper therein named and delivered to defendant and the said vessels, as common carriers, the shipment described in Schedule A then being in good condition and defendant and the said vessels then and there accepted said shipment so shipped and delivered to them and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipments to the port of destination stated in Schedule A and there deliver the same in like good order and condition as when shipped, delivered to and received by them, to the consignee named in Schedule A.

Sixth: Thereafter, said vessel arrived at the port of destination, where it and defendant made delivery of the shipment, but not in like good order and condition as when shipped, delivered to and received by them, but on the contrary, seriously injured and impaired in value by reason of the matter and things stated in Schedule A, all in violation of defendants' and the said vessel's obligations and duties as common carriers of merchandise by water for hire.

Seventh: Plaintiff was the subrogated underwriter of the shipper, consignee or owner of the shipment described in Schedule A and brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interest may ultimately appear and plaintiff is entitled to maintain this action.

Eighth: By reason of the premises, plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the aggregate sum of $35,155.31.

WHEREFORE, plaintiff prays:

1. That process in due form of law may issue against defendants citing them to appear and answer all and singular the matters aforesaid;

2. That if defendants cannot be found within this District, then all their properties within this District as shall be described in Schedule A, be attached in the amount of $35,151.31 respectively, with interest thereon and costs, the sum sued for in this Complaint;

3. That judgment may be entered in favor of plaintiff against defendants for the amount of plaintiff's damages, together with interest and costs and the disbursements of this action;

4. That process in due form of law according to the practice of this Court in causes of admiralty and maritime claims, may issue against said vessels, their engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath, all and singular the matters aforesaid, and that this Court will be pleased to pronounce judgment in favor of plaintiff for its damages as aforesaid, with interest, costs and disbursements and that the said vessels may be condemned and sold to pay therefore; and

5. That this Court will grant to the plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
April 4, 2018

            MARSHALL DENNEHEY WARNER
            COLEMAN & GOGGIN
            Attorneys for Plaintiff
            ZURICH AMERICAN INSURANCE COMPANY,
            as subrogee of EISENMANN INC.

BY: _____
            Edward C. Radzik (ER-2473)
            Wall Street Plaza, 88 Pine Street, 21st Floor
            New York, New York 10005
            (212) 376-6410
            Email: ecradzik@mdwcg.com

WHEREFORE, plaintiff prays:

1. That process in due form of law may issue against defendants citing them to appear and answer all and singular the matters aforesaid;

2. That if defendants cannot be found within this District, then all their properties within this District as shall be described in Schedule A, be attached in the amount of $35,151.31 respectively, with interest thereon and costs, the sum sued for in this Complaint;

3. That judgment may be entered in favor of plaintiff against defendants for the amount of plaintiff's damages, together with interest and costs and the disbursements of this action;

4. That process in due form of law according to the practice of this Court in causes of admiralty and maritime claims, may issue against said vessels, their engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath, all and singular the matters aforesaid, and that this Court will be pleased to pronounce judgment in favor of plaintiff for its damages as aforesaid, with interest, costs and disbursements and that the said vessels may be condemned and sold to pay therefore; and

5. That this Court will grant to the plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
April 4, 2018

        MARSHALL DENNEHEY WARNER
        COLEMAN & GOGGIN
        Attorneys for Plaintiff
        ZURICH AMERICAN INSURANCE COMPANY,
        as subrogee of EISENMANN INC.

BY: _/s/ Edward C. Radzik_
     Edward C. Radzik
     Wall Street Plaza, 88 Pine Street, 21st Floor
     New York, New York 10005
     (212) 376-6410
     Email: ecradzik@mdwcg.com

## SCHEDULE A

Plaintiffs Legal Status and Office and Place of Business:

Plaintiff, ZURICH AMERICAN INSURANCE COMPANY, as subrogee of EISENMANN INC., is a corporation or other business entity duly organized and existing under and by virtue of the laws of the State of Illinois whose address and place of business is in care of Zurich North America, One Liberty Plaza, 28th Floor, New York, NY 10007.

Defendants' legal status and place of business

Defendant, Blue Anchor America Line is a corporation organized and existing by virtue of one of the states of the United states and that provides marine container transportation and logistics services and whose office and place of business is c/o Kuehne & Nagel, 10 Exchange Place, Jersey City, NJ 07302.

Defendant, M.V. CMA CGM HOMERE, *in rem* is a foreign commercial cargo vessel V16SVBW.

| | |
|---|---|
| *Port of Loading* | Bremenhaven, Germany |
| *Port of Discharge* | Charleston, South Carolina |
| *Place of Delivery* | Ridgeville, South Carolina |
| *Bill of Lading Number* | BANQBRE3157321 0010-9512-704.031 |
| *Dated* | April 8, 2017 |
| *Shipment* | Paint conveyor for Volvo paint booth system |
| *Container* | EBSU-916298-7 |
| *Shipper* | Eisenmann Global GmbH |
| *Consignee* | Eisenmann Corporation |
| *Notify Party* | Volvo |
| *Nature of Claim* | Paint conveyor for Volvo paint booth system suffered damage due to forklift driver's dropping the shipment during unloading container |
| *Claim Amount* | $35,155.31 |
| *MDWCG File No.* | 30024.00325 |